

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO.10-182 |
| v. | * | SECTION: "K" |
| TRAVIS HAYWORTH | * | |

\* \* \*

The above-named defendant, **TRAVIS HAYWORTH**, has agreed to plead guilty as charged to the Superseding Bill of Information now pending against him. Should this matter have proceeded to trial, the United States of America would have proven beyond a reasonable doubt, through the introduction of relevant, competent, and admissible testimonial, physical and demonstrative evidence, the following facts to support the allegation against the defendant, **TRAVIS HAYWORTH ("HAYWORTH")**:

Unless stated otherwise, all events set forth herein occurred in the Eastern District of Louisiana.

Local, state, and federal law enforcement had been investigating the trafficking of methamphetamine throughout Southeast Louisiana. During the investigation, agents identified

**HAYWORTH** as a suspect who, with others including a supplier ("JOHN DOE"),[1] was part of a trafficking conspiracy that involved 500 grams or more of a mixture or substance containing methamphetamine. **HAYWORTH** would sell various quantities of the methamphetamine to others, but would also keep some for personal use.

**HAYWORTH** obtained much of the methamphetamine he used and distributed from DOE. Between July 2009 and December 2009, DOE sold **HAYWORTH** several ounces on multiple occasions charging him between $1,600.00 and $2,800.00 per ounce. DOE would sell to **HAYWORTH** up to three times a week and approximately up to four ounces at a time.

**HAYWORTH** would pay DOE with money he had obtained from his own methamphetamine customers as well as from his own bank account. On at least three occasions, **HAYWORTH** withdrew funds from ATM machines in order to pay DOE while DOE was present. On two occasions, this occurred at Chase banks in New Orleans and Harahan. On another occasion, it occurred at an ATM in a Walgreen's in New Orleans.

In January 2010, agents with the Louisiana State Police Gulf Coast HIDTA Narcotics section received information that **HAYWORTH** was dealing crystal methamphetamine. As part of the investigation, the agents utilized a confidential source to purchase a small amount of methamphetamine from an unwitting individual who received that methamphetamine from **HAYWORTH** at **HAYWORTH's** residence. Afterwards, agents obtained and executed a

---

[1] The actual person is a cooperating witness who has not been charged at this time. Pursuant to Department of Justice policy, that witness' actual name is not being used in this document.

search warrant on January 23, 2010. As a result of the search, **HAYWORTH** and others were arrested and found to be in possession of several grams of methamphetamine.

On March 9, 2010, law enforcement conducted an investigation at a hotel room occupied by another individual ("JACK SMITH").[2] Inside the room, agents discovered two personal checks drawn from **HAYWORTH's** accounts at Chase Bank. One check was written to SMITH and the other was written to another person. Each check was in the amount of $4,580.00. Agents learned that the checks were from **HAYWORTH** and were payments from him for earlier purchases of methamphetamine. SMITH and **HAYWORTH** had distributed amounts of methamphetamine to each other in the past in addition to using methamphetamine themselves.

For purposes of the United States Sentencing Guidelines, it was reasonably foreseeable to **HAYWORTH** that the conspiracy involved at least 350 grams but no more than 500 grams of a mixture or substance containing methamphetamine.

_____  7-11-2012
KEVIN G. BOITMANN, La. Bar No. 26203
Assistant United States Attorney

_____         _____ La. Bar #24962
TRAVIS HAWORTH                                                 ROBERT BLACKBURN
Defendant                                                              Attorney for Defendant

---

[2] The actual person is a cooperating witness who has not been charged at this time. Pursuant to Department of Justice policy, that witness' actual name is not being used in this document.