**United States Department of Justice**

*Eastern District of Louisiana*
*United States Attorney's Office*

---

*Kevin G. Boitmann*
*Assistant United States Attorney*

*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana  70130*

*Telephone:  (504) 680 - 3109*
*Fax:  (504) 589 - 4390*

July 6, 2012

Honorable Stanwood R. Duvall, Jr.
United States District Judge
Eastern District of Louisiana
500 Camp Street, Room C-368
New Orleans, Louisiana  70130

> **U.S. DISTRICT COURT**
> EASTERN DISTRICT OF LOUISIANA
>
> FILED    JUL 1 1 2012
>
> LORETTA G. WHYTE
> CLERK

     **RE:  United States v. Travis Hayworth**
              **Criminal Docket No. 10-182 "K"**

Dear Judge Duval:

    In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Travis Hayworth, the defendant, in the above-captioned proceeding.  Defendant's undersigned counsel, Robert Blackburn has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The defendant has agreed to plead guilty to the Superseding Bill of Information in which the defendant is charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

    The defendant further agrees to admit a prior conviction for a felony drug offense as set forth in Count 2 of the Bill of Information pursuant to Title 21, United States Code, Section 851.

    The Government has agreed that should the Court accept the defendant's plea of guilty to the Superseding Bill of Information, the Government will request the Court to dismiss the remaining counts pending against the defendant in this matter at the time of sentencing.  The defendant understands that the Court is not bound to dismiss any count.

    The Government also agrees that it will not charge the defendant with any other violations of the Federal Controlled Substances Act that he may have committed in the Eastern District of Louisiana prior to June 30, 2010, provided the defendant has truthfully informed Federal Agents of the details of these crimes.  The defendant understands that this agreement does not apply to any crimes of violence which the defendant may have committed.

    The Government further agrees that the defendant has complied with the April 30, 2003,

amendment to the United States Sentencing Guidelines, found in Section 3E1.1, and, therefore, is entitled to the provided three (3) level reduction in his guideline offense level for his timely acceptance of responsibility.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant has agreed to waive his rights pursuant to Rule 410 of the Federal Rules of Evidence. Therefore, if the defendant chooses to rescind this plea agreement after he has signed this document and the accompanying factual basis and thereafter maintains his plea of not guilty, the Government has the right to use the defendant's admitted factual basis as an admission of his guilt to the charged offenses in the Government's case-in-chief of the trial in the above referenced matter. Defendant understands that Federal Rule of Evidence 410 provides him protection from the use of such admissions made during plea negotiations or as a result of plea agreements, but knowingly and voluntarily waives that protection and those rights afforded by Rule 410 as stated above.

The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted includes a minimum of 10 years imprisonment and maximum of life imprisonment and/or a fine of $4,00,000.00 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571. However, should the Court find that the provisions of Title 18, United States Code, Section 3553(f) and Section 5C1.1 of the United States Sentencing Guidelines apply, a sentence may be imposed without regard to any statutory minimum.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of at least four years pursuant to Title 18, United States Code, Section 3583 and Title 21, United States Code, Section 841. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

The defendant recognizes that any criminal monetary penalty, whether special assessment,

criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.     Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.     Waives and gives up his right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.     Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d.     The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of

counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The Government may, but shall not be required, to make a motion requesting the Court to depart from the sentencing guideline range as determined the Court, in the event the defendant provides "substantial assistance". It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. The Government shall determine whether or not the defendant has rendered "substantial assistance" and that decision will not be made until the Government has been able to evaluate the entirety of the defendant's cooperation. The Government also shall determine whether such a motion will be filed prior to sentencing pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the sentencing guidelines or after sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not

be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should hee commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his/her possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Sincerely,

JIM LETTEN
UNITED STATES ATTORNEY

KEVIN G. BOITMANN                    7-11-2012
Date

Assistant United States Attorney

ROBERT BLACKBURN               Date
Attorney for Defendant     7/11/12

TRAVIS HAYWORTH               Date    7-11-12
Defendant

6